### 46382.   FARWELL v. SOUTHERN PRODUCTS COMPANY, INC.

PANNELL, Judge. Appellee plaintiff brought an action on account against appellant defendant seeking recovery for the balance of the purchase price of a number of cases of textile fabrics in the amount of $15,733.83, of which $348.18 was interest. The defendant answered, claiming that he was entitled to a credit of $5,193 because the shipment contained textiles other than polyester/cotton fabrics when he had ordered only polyester/cotton fabrics. Plaintiff's evidence was to the effect that while the goods were being loaded, the defendant, after the polyester/cotton fabrics had been exhausted, requested that other textile fabrics be loaded. The jury found for the plaintiff in the amount of $12,692.82 principal plus interest. The only

enumerations of error were as follows: "1. The court erred in permitting the witness, Specter, to testify concerning a document she had compiled from office data over objection that the original office data itself would be the highest and best evidence. 2. The court erred in admitting into evidence over objection that the document tendered was not the highest and best evidence, plaintiff's Exhibit 1 containing *figures* compiled from other data." (Emphasis supplied). The document concerned was a shipping ticket made out at the time of the sale which contained figures showing the case number of the textiles and the yardage. The witness, whose testimony was objected to, testified that, after the defendant had raised the question about the type of fabrics, she and others had examined invoices received from the manufacturer and determined the type of fabrics contained in the cases sold to the defendant and had written this in on the margin of the shipping ticket. *Held:*

1. The testimony of the witness was not subject to the objection made, as the witness did not testify as to which of the cases were polyester/cotton and which of the cases were other types of fabrics. She merely testified showing the purpose of the writings on the margin was to identify the fabrics.

2. When the document itself was tendered in evidence, defendant made the following objection: "If Your Honor please, I believe this Exhibit P-1 of Southern Products is a listing of certain merchandise by cartons, showing the yardage, and over here on the right hand side and on the face of this is certain memoranda in ink on the various pages; we want to object to this document on the ground that it would be better and higher evidence in which these *figures* were taken from a shipment in which this company received, therefore, it's irrelevant and immaterial and the documents in which they were recorded from would be the best and highest evidence." (Emphasis supplied). This objection was insufficient as an attack on that portion of the document relating to the writings identifying the type of fabric for two reasons: (1) It was an objection to the document as a whole, and (2) it was an objection to the figures contained thereon rather than the writings identifying the fabric. The document and the figures thereon identifying the cases

of textiles by number and stating the yardage number was the document signed by the defendant showing receipt of such described merchandise. This portion of the document was admissible regardless of where the figures came from.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
ARGUED JUNE 28, 1971—DECIDED SEPTEMBER 7, 1971.

*Margaret Hopkins, James R. Venable, H. G. McBrayer, Jr.,* for appellant.
*Hopkins & Gresham, Thomas P. Gresham,* for appellee.